UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEQA LAGOON SUPPORT SERVICES, a Nevada corporation,<br><br>         Plaintiff,<br><br>v.<br><br>DAVID W. HASSELMAN, an individual; INTERNATIONAL MARINE SALES AND EXPORT, LLC, a Florida limited liability company; and DOES 1 to 10, inclusive,<br><br>         Defendants. | Case No.: 20-cv-968 JLS (AHG)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR ALTERNATE SERVICE OF PROCESS BY ELECTRONIC MAIL**<br><br>(ECF No. 7) |

  Presently before the Court is Plaintiff Beqa Lagoon Support Services's Ex Parte Application for an Order for Alternate Service of Process by Electronic Mail, or in the Alternative, by Publication ("Appl.," ECF No. 7). Plaintiff contends that despite repeated efforts, it has been unable to effectuate personal service on Defendants David W. Hasselman ("Hasselman") and International Marine Sales and Export, LLC ("IMSE," collectively "Defendants"). (Appl. at 2.) Defendants have not filed an opposition to the Motion. For the reasons stated below, Plaintiff's Motion is **GRANTED**.

  On May 26, 2020, Plaintiff filed the Complaint in this action against Defendants alleging fraud, breach of contract, and a breach of good faith and fair dealing. (*See* "Compl.," ECF No. 1.) Plaintiff alleges it has been unable to achieve personal service

because "(1) Defendants have concealed their whereabouts by publishing a fictitious business address on its web page where the business is no longer located and no longer receives mail; (2) by publishing a non-valid agent for service address on the Florida Secretary of State's website for IMSE; and (3) none of the last known addresses for Hasselman and IMSE are valid." (Appl. at 2.) Plaintiff's attempts to effect personal service by USPS certified mail, Federal Express, certified process server, and delivery through the Florida State Sheriff for Brevard County have been unsuccessful. *Id.*

Pursuant to the Federal Rules of Civil Procedure, an individual or limited liability company "may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A). As this Court is located in California, it may authorize service of process in conformity with California law. According to section 413.30 of the California Code of Civil Procedure, "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Civ. Code § 413.30. To comport with due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, the Court finds service by email is reasonably calculated to provide Defendants with actual notice of the pending case. The email address, imse1@aol.com, is listed on IMSE's website under "Contact Us." Appl. at 5; *see CloudClinic LLC v. TheraPetic Sols., Inc.*, No. 17-CV-1293-JLS (NLS), 2017 WL 11421312, at *2 (S.D. Cal. Oct. 25, 2017) (holding service by email is reasonably calculated to give notice when email address is listed on defendant's domain name registrations); *Facebook, Inc. v. Banana Ads,*

*LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (holding service by email is reasonably calculated to give notice to domestically located defendants engaged in internet-based commercial activities that rely on email as a means of communication). Plaintiff emailed Hassleman at the listed email address and the email relay system showed that Hasselman received Plaintiff's email regarding the current action. Angert Decl. ¶ 18, ECF 7-2. Additionally, Hasselman responded to email communications directed to imse1@aol.com by the Florida's Attorney General's consumer department office on July 22, 2020. *Id.* ¶ 19. Defendants should expect to be contacted through an email address listed on the company website. *See Balsam v. Angeles Technology Inc.*, No. C 06-04114 JF (HRL), 2007 WL 2070297, *4 (N.D. Cal. July 17, 2007) (holding defendants "should . . . expect to be contacted at the addresses they provided to the domain name registrar," and therefore email service was reasonably calculated to give actual notice).

Accordingly, the Court **GRANTS** Plaintiff's Ex Parte Motion and **AUTHORIZES** alternate service of process on Defendants via email at imse1@aol.com. The email message **SHALL NOTIFY** Defendants that a suit has been filed against them in the United States District Court for the Southern District of California <u>on or before October 30, 2020</u>.

**IT IS SO ORDERED.**

Dated: October 26, 2020

Hon. Janis L. Sammartino
United States District Judge